Chief Judge Desmond.
Defendant’s motion to dismiss the complaint under CPLR 3211, (a), 8 for lack of personal jurisdiction of defendant, a Finnish corporation, was denied at Special Term; the court holding that defendant’s activities in New York State constituted the transaction of business within the State. The. relevant statutes are CPLR 301 which says that: “ A court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore ”, and section 224 of the General Corporations Law (now Business Corporation Law, § 1314, subd. [a]) reading thus: “ An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action”. Plaintiff is a resident of New York. The complaint in this suit alleges that at an airport in Paris plaintiff,. an employee of Trans World Airlines, was injured through, the *429 negligence of defendant Finnish National Airline when she was struck by a baggage cart blown against her by an excessive blast of air produced by one of defendant’s aircraft which was moving across the airfield to a parking spot. The question is whether within the statute and cases defendant was “ doing business ” in New York State so as to subject it to personal jurisdiction here. The Appellate Division, reversing Special Term, answered that question in the negative.
The Appellate Division majority opinion in these words summarized the facts set forth in the affidavits as to the kind and amount of business done by defendant Finnish National Airline in New York City: “ The defendant is a foreign corporation organized under the laws of Finland, with its principal operating base, its head executive and administrative offices located in Helsinki, Finland, and is not registered in the United States. None of its stockholders, directors or officers are citizens or residents of the United States and defendant has not qualified to do business in the State of New York. All of Finnair’s flights begin and end outside of the United States. It operates no aircraft within the United States and, according to Rosenberg, the office in New York does not sell tickets even for its own flights and receives no payment of fares for defendant’s flights at its New York office. Defendant maintains a one and a half-room office at 10 East 40th Street, New York, staffed with three full-time and four part-time employees, none of whom is an officer or director of defendant. Its principal function is to receive from international air carriers or travel agencies reservations for travel on Finnair in Europe which it transmits to defendant’s space control office in Europe. Upon occasion the New York office will transmit information concerning a reservation from the international air carrier or travel agency to defendant's space control office in Europe and relay the confirmation or reply, when received, to such airline or agency. The New York office does some information and publicity work for defendant, and places a certain amount of advertising regarding Finnair’s European services in connection with its publicity work. None of the New York office employees has authority to bind the defendant and contracts in connection with such office activities must be sent to the office in Helsinki for approval. Finnair maintains a bank account in which, according to Rosenberg, the *430 average balance is less than $2,000 and out of which is paid the salaries of the employees, the rent and normal operating expenses of the New York office.” (22 A D 2d, pp. 19-20.)
The majority opinion discussed a number of New York cases and elicited from them the rule that a foreign corporation in order to be subject to jurisdiction must transact, with a fair measure of continuity and regularity, a reasonable amount of its business within this State. One of the decisions so cited by the court was Simonson v. International Bank (14 N Y 2d 281). The Simonson opinion says that before CPLR, was adopted the decisional law was that a foreign corporation which like this one lacked authorization to do business in this State was held amenable to local suit only if it was engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in 'this jurisdiction. Our court in Simonson, after discussing the grant by Federal decisions of increased power to States to subject foreign corporations to the personal jurisdiction of their courts, stated in effect that as to tortious acts committed outside the State the New York rule has not been changed and that the requirement of ‘ ‘ doing business ” persists.
Among the decisions cited by us in Simonson were Elish v. St. Louis Southwestern Ry. Co. (305 N. Y. 267) and Miller v. Surf Props. (4 N Y 2d 475). In Elish v. St. Louis Southwestern Ry. Co. (305 N. Y. 267, supra), the defendant was a Missouri railroad corporation not qualified to do business in this State but maintaining two offices here from which it solicited freight business and where through its vice-president it conducted business transactions relating to its financial structure including bond issue arrangements and involving one meeting ea'ch year in New York City of its board of directors. Citing Tauza v. Susquehanna Coal Co. (220 N. Y. 259, 268) we repeated that “‘All that is requisite is that enough be done to say that the corporation is here ’ ” and we held that the facts in Elish were sufficient for a holding that defendant St. Louis Southwestern Railway Company was ‘ ‘ here ’ ’. Miller v. Surf Props. (4 N Y 2d 475, supra) was a suit against a Florida hotel and plaintiff’s effort was to get service on it by delivering a summons to a member of a New York City partnership which represented in New York City a number of out-of-State hotels *431 including defendant’s and which by telephone listing and otherwise held itself out to be the New York office of defendant. The activities of the agency included taking reservations for rooms in the hotel which reservations were subject to acceptance by the hotel. We tried to make it clear in the Miller opinion that solicitation of prospective customers and the reception and transmission of hotel reservations did not constitute doing business. However, it must be kept in mind that the person attempted to be served in Miller was not an employee of the defendant but an independent travel agency representing defendant in New York City. One other recent case should be mentioned: Berner v. United Airlines (3 A D 2d 9, affd. 3 N Y 2d 1003). Plaintiff Berner’s testator was killed in the California crash of a plane operated by the appealing defendant Australian airline (B. C. P. A.). Decedent’s ticket had been purchased in New York from a British corporation which was the general sales and traffic agent in New York City of B. C. P. A. The substance of our Berner holding was that B. C. P. A. was doing business in New York and was properly served there through its agent. These decisions point the way to a reversal here.
In the dissenting opinion in this case in the Appellate Division the pertinent rule of law is stated in about the same terms as in the majority opinion but, differing with the majority, the dissenter was of the view that the facts showed that this defendant had come into New York State to carry on business and did carry it on with a considerable measure of continuity and from a permanent locale. The dissent pointed out that defendant had subleased and occupied an office in New York City supervised by an “ agency and interline manager” and staffed by three full-time employees and four part-time employees, that the office is listed in the Manhattan telephone directory and in the defendant’s timetables issued here and in Europe, also that it has a bank account from which funds are drawn for use here to pay local expenses including salaries and advertising costs. The minority opinion noted that while defendant does not directly sell air travel tickets it does promote the sale of tickets and that a prospective passenger can buy such tickets not only from local travel agents and local offices of international air carriers but from the Finnish National Travel Agency which *432 operates in the same New York City office with defendant. The suggestion was made in the dissent that there could be a hearing for further development of the facts if such development, were thought necessary. We do not see the necessity.
The decision in Berner v. United Airlines (3 A D 2d 9, affd. 3 N Y 2d 1003, supra) shows that the fact that defendant did not operate its airplanes within New York State is not determinative (see, also, as to a railroad, Pomeroy v. Hocking Val. Ry. Co., 218 N. Y. 530). The test for “ doing business " is and should be a simple pragmatic one, which leads us to the conclusion that defendant should be held to be suable in New York. The New York office is one of many directly maintained by defendant in various parts of the world, it has a lease on a New York office, it employs several people and it has a bank account here, it does public relations and publicity work for defendant here including maintaining contacts with other airlines and travel agencies and, while it does not make reservations or sell tickets, it transmits requests for space to defendant in Europe and helps to generate business. These things should be enough.
The order appealed from should be reversed and the motion to dismiss the complaint denied, with costs in this court and in the Appellate Division.
Judges Dye, Fuld, Burke, Scileppi and Bergan concur with Chief Judge Desmond ; Judge Van Voorhis dissents and votes to affirm.
Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.