■ W. LOWENTHAL Co., INC., Respondent, v. COLONIAL WOOLEN MILLS, INC., et al., Appellants.— Appeal from an order of Supreme Court at Special Term, entered in Albany County, which denied a motion by appellant Colonial Woolen Mills, Inc., to dismiss the complaint for lack of personal jurisdiction

over it. (CPLR 3211, subd. [a], par. 8.) The plaintiff, a New York corporation, seeks contract damages from appellant Colonial Woolen Mills, Inc., an Ohio corporation not authorized to do business in New York, and defendant Wilson Trading Corporation, a New York corporation. Colonial is a wholly owned subsidiary of Wilson and has been since 1962. The two corporations have similar officers and directors. The trial court found it had jurisdiction of Colonial under CPLR 302 (subd. [a], par. 1). In addition to affirming that finding, we find that Colonial was "doing business" here. (CPLR 301.) A foreign corporation is amenable to suit in this State if it is "doing business" in New York in the traditional sense; that is, if it is engaged in a continuous and systematic course of activities warranting a finding that it was "present" in this jurisdiction. (*Bryant* v. *Finnish Nat. Airlines*, 15 N Y 2d 426; *Simonson* v. *International Bank*, 14 N Y 2d 281, 285; *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259.) The test for determining whether a foreign corporation is "doing business" is a "simple pragmatic one". (*Bryant* v. *Finnish Nat. Airlines, supra*, p. 432.) It calls for a review of the complex of facts involved in the company's New York operations. Colonial employs about 350 persons in the manufacture of yarn from waste fiber and other raw materials at its main plant in Cleveland, Ohio. Some of its raw material is purchased from the respondent in New York. Eighty-five to ninety percent of its production is sold to or through its parent corporation, Wilson, and a substantial part of Wilson's products are purchased for resale to others from Colonial. Wilson employs five or six people at its only place of business, an office at 1440 Broadway, New York City. Colonial maintains an office at the same place which is used by Mr. Bleetstein, a resident vice president of Colonial and president of Wilson. Colonial's corporate name is listed on the office door and in the building directory and its New York City address is printed on its stationery, in telephone directories and also in advertising and trade journals. Colonial owns a truck, operated by its employees, which comes into New York on a regular basis, usually once a week, to visit several cities for the purpose of delivering finished products which have either been sold to customers directly by Colonial or through Wilson and to pick up raw materials from suppliers such as the respondent. Much of the material sold through Wilson is delivered by the truck directly from Colonial's plant in Ohio to New York purchasers, as well as purchasers in other States. Over a period of three to four years before this action, Colonial did approximately three quarters of a million dollars worth of business in New York with the respondent alone. These facts establish a sufficient basis for New York jurisdiction. (CPLR 301.) Colonial contends that the office and telephone services were business facilities leased by Wilson, lent to Colonial as a convenience, and used by Colonial only for business with Wilson. The fact is that Colonial's business with Wilson constitutes approximately 90% of the manufacturer's total production. Furthermore, the fact that Colonial's officers met in New York with respondent at various times on this case indicates that Colonial uses the office for more than Wilson business on the 6 to 12 times a year that its representatives come to New York. The facilities were used and advertised by Colonial for its business, and allowed it to maintain a New York base of operations. (Cf. *Frummer* v. *Hilton Hotels*, 19 N Y 2d 533; *Public Administrator of County of N. Y.* v. *Royal Bank of Canada*, 19 N Y 2d 127.) That use, coupled with the regularity and extent of Colonial's other activities, establish its corporate presence for the purpose of doing business in New York. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Simons, JJ., concur.