Henry **EVANS**, Jr., Plaintiff,

v.

Jan **ERIC** et al., Defendants.

Jan Eric **DYVI** and Kommandiittselskapet A/S Auto Shipping & Co., Third-Party Plaintiffs,

v.

**PITTSTON STEVEDORING CORP.,** Third-Party Defendant.

**No. 69 Civil 1608.**

United States District Court, S. D. New York.

Jan. 4, 1974.

---

Paul ˙A. Gritz, Brooklyn, N. Y. for plaintiff; Edward D. Lory, Brooklyn, N. Y., of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendants and third-party plaintiffs; David P. H. Watson, New York City, of counsel.

Alexander, Ash, Schwartz & Cohen, New York City, for third-party defendants; Albert V. Testa, New York City, of counsel.

## OPINION AND ORDER

LEVET, District Judge.

This is an action by Henry Evans, Jr., plaintiff, a longshoreman, against the above-named defendants, owners of a certain vessel known as the M/D Dyvi Atlantic (hereinafter known as the "shipowner"). The shipowner, in turn, filed a third party complaint against Pittston Stevedoring Corp. as third-party defendant (hereinafter known as "Pittston").

When the case came on at conference on December 19, 1973, counsel appeared before me in preparation for trial, at which time this motion for dismissal for lack of personal jurisdiction was raised and argued.

The facts relative to the service of the complaint were substantially as follows:

(1) The original complaint was filed in this court on April 19, 1969 and it has been conceded that this complaint was not served upon defendants or any one else.

(2) An amended complaint was filed on June 16, 1970 but there is no evidence of service of this complaint.

(3) A second amended complaint was filed on March 23, 1972. It is conceded that the validity of service of this complaint or lack of it will determine the result of this motion.[1]

The second amended complaint which, as stated, is the only complaint reputedly served, alleged in substance the following:

(1) Plaintiff is a resident and citizen of New Jersey.

(2) Defendants had a place of business in New York and committed a tortious act within the State of New York.

(3) The vessel Dyvi Atlantic was moored in Port Newark, New Jersey.

(4) The accident to plaintiff occurred in Port Newark, New Jersey.

On September 1, 1972 defendant shipping company filed an answer in which the issue of personal jurisdiction over defendants was raised.

Paragraph Third of the second amended complaint contains the following allegation:

"THIRD: Upon information and belief, that at all times hereinafter mentioned, the defendants and/or each of them had a place of doing business transacted business within the State of New York and committed a tortious act within the State."

However, the cause of action is alleged to have taken place on the 9th day of July 1967 while the vessel was moored at Berth 9, Port Newark, New Jersey.

The records of this court, that is the Southern District of New York, indicate that in a letter dated January 13, 1972 (presumably not delivered to the Clerk of the Court until March 23, 1972) plaintiff's trial counsel asked the Clerk of this Court to serve the second amended summons and complaint upon defendants and third-party plaintiffs by mailing to them at their addresses in Oslo, Norway, by Registered Mail, Return Receipt Requested.

A Certificate dated March 23, 1972, signed by the Clerk of this Court, indicates that on that same date he served the second amended summons and complaint in the manner and form requested on the defendants and third-party plaintiffs in Oslo, Norway.

In due course, defendants and third-party plaintiffs received copies of the second amended summons and complaint as mailed by the Clerk. This was apparently their first notification that plaintiff had commenced an action in this Court to recover for the alleged injuries of July 9, 1967, allegedly occurring aboard the M/V Dyvi Atlantic in Port Newark.

Papers were then forwarded to the appropriate underwriters in Norway and later to defense counsel in New York City on August 31, 1972. Defendants served an answer on September 1, 1972, filed with the Clerk of this Court on September 5, 1972. The answer raised the defense of lack of jurisdiction over the person above referred to.

It is the contention of defendants that the above-mentioned mailing by the Clerk of this Court on or about March 23, 1972 was not effective in bringing in the Norwegian defendants (who are also the third-party plaintiffs) under the jurisdiction of this court. The basis of this claim is that the Clerk of the United States District Court for the Southern District of New York is only entitled to make service either under the federal rules or under the procedural rules in effect in the State of New York. Plaintiff, in effect, defendants say, has attempted to effect service under the New York "long arm statute," CPLR § 302, in spite of the fact that the accident occurred in the State of New Jersey and not in the State of New York.

---

1. A third amended complaint was served at the request of the court but the validity of this complaint is conceded to be dependent upon whether or not the second amended complaint above mentioned was validly served.

Plaintiff concedes that the claim of personal jurisdiction over defendants here is based upon Section 302 of the Civil Practice Law and Rules of the State of New York. This is as follows:

"302. *Personal jurisdiction by acts of non-domiciliaries*

"(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

"1. transacts any business within the state; or

"2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

"3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

"(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

"4. owns, uses or possesses any real property situated within the state.

· "(b) *Effect of appearance.* Where personal jurisdiction is based solely upon this section, an appearance does not confer such jurisdiction with respect to causes of action not arising from an act enumerated in this section."

The apparent basis for plaintiff's use of Section 302 is subsection (a)(1), which reads as follows:

"(a) *Acts which are the basis of jurisdiction.* As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:

"1. transacts any business within the state." (Emphasis added.)

The other subsections of Section 302 are not applicable because:

(a) No tortious act was committed within the state (see subsection (a)(2));

(b) No tortious act was committed without the state causing injury to person or property within the state (see subsection (a)(3));

(c) Defendants owned, used or possessed no real property situated within the state (see subsection (a)(4)).

Plaintiff appears to base his claim of defendants' "doing business" in the State of New York upon the fact that the vessel upon which he claims to have been injured at Port Newark, New Jersey on July 9, 1967 came to a berth in Brooklyn, New York on March 22, 1968 supposedly for the delivery or loading of cargo.

Plaintiff also contends that the Dyvi Atlantic at various other previous times delivered freight to points in the State of New York which involved ocean transport of European automobiles from Europe to Brooklyn and that the income of defendants came from freight charges which were, through custom and practice, passed on to the American purchasers of the automobiles they transported to New York and sold in the State of New York.

■ This ephemeral contact with New York is clearly insufficient to constitute "doing business" in New York.

■ It is also evident from Rule 4(i)(1) and Rule (d)(7) that Section 302 of the CPLR of the State of New York may be applied only by a New

York State Court or by a Federal Court sitting in New York.

There is no proof here that the vessel has entered the Port of New York since the complaint was filed nor that the vessel has been attached. There is no evidence whatsoever that defendants were doing business at any time in New York other than to discharge or load cargo, a sporadic act which is not a basis for "doing business" in the State of New York.

In Santana v. Rederiet Ocean, 65 Civil 2086 (S.D.N.Y.1969), not officially reported, Judge Mansfield pointed out that "since the accident occurred entirely in New Jersey, personal jurisdiction cannot be based upon § 302 N.Y.C.P.L.R." The action was thereupon dismissed for lack of personal jurisdiction over the defendant. In that case plaintiff-longshoreman alleged he sustained injuries aboard a Danish vessel when it was at Weehawken Terminal, New Jersey. The court rejected the contention that jurisdiction could be predicated upon Section 302 of CPLR, noting that plaintiff had failed to sustain his burden of proving that defendant was engaged in the transaction of any business in New York which would entitle him to invoke that section.

A number of other recent decisions of judges of the Southern District of New York, none of which is officially reported, involved shipboard work in ports of New Jersey and effectively refute any contention to the effect that Port Newark was actually in New York or that the ships involved were "doing business" in New York. These are as follows: The Crispin Company v. SS "Jowood," etc., et al., 73 Civil 188, Tyler, D. J.; International Terminal Operating Co., Inc. v. Belgian Fruit Lines, S.A., et ano., 72 Civil 451, Brieant, D. J.; International Terminal Operating Co., Inc. v. Skibs A/S Hidlefjord, et al., 72 Civil 418, Knapp, D. J.

■■ The burden is on plaintiff to establish personal jurisdiction of the court over defendants. Kelly v. Three Bays Corporation, 173 F.Supp. 835, 837 (S.D.N.Y.1959), aff'd 276 F.2d 958 (2d Cir. 1960).

THE BASIC TESTS ARE AS FOLLOWS:

" * * * A foreign corporation is amenable to suit in this State if it is 'doing business' in New York in the traditional sense; that is, if it is engaged in a continuous and systematic course of activities warranting a finding that it was 'present' in this jurisdiction. (Bryant v. Finnish Nat. Airlines, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439; Simonson v. International Bank, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 435, 200 N.E.2d 427, 428; Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 115 N.E. 915.) The test for determining whether a foreign corporation is 'doing business' is a 'simple pragmatic one'. (Bryant v. Finnish Nat. Airlines, supra, p. 432, 260 N.Y.S.2d p. 629, 208 N.E.2d p. 441.) It calls for a review of the complex of facts involved in the company's New York operations. * * *" W. Lowenthal Co., Inc. v. Colonial Woolen Mills, Inc., 38 A.D.2d 775, 776, 327 N.Y.S.2d 899, 900 (Third Dept. 1972).

Plaintiff must shoulder the burden of proving by a fair preponderance of the evidence that defendants are subject to the jurisdiction of the courts of the state under Section 301 or Section 302 of the New York CPLR. Ewing v. Virginia Squire Basketball Club, 349 F. Supp. 709 (E.D.N.Y.1972); Lamarr v. Klein, 35 A.D.2d 248, 315 N.Y.S.2d 695 (1970).

Plaintiff cites Ingravallo v. Pool Shipping Co., Ltd., 247 F.Supp. 394 (E.D.N.Y.1965). However, this decision involved a complaint in which plaintiff's claim was based on a tortious act (a breach of warranty of unseaworthiness) which the court held to have existed in the State of New York while the vessel was discharging its cargo in Brooklyn. In the instant case, the ship was transacting no business in New York and the alleged tort was committed in New Jersey.

The mere fact, even if true, that defendants were doing business in New York is not sufficient to confer personal jurisdiction over the defendants. Plaintiff's cause of action must arise out of the business so transacted. Fontanetta v. American Board of Internal Medicine, 421 F.2d 355, 357 (2d Cir. 1970). In the present action, it is clear that the cause of action arose in New Jersey.

Plaintiff has failed to show that defendants maintain any office or place of business within New York or that they were engaged in doing business here either at the time of the accident or the time when process was served in Norway. (See Santana v. Rederiet Ocean, supra.)

### CONCLUSION

I hold that this action must be dismissed for lack of personal jurisdiction over defendants.

Consequently, the claim of defendants against Pittston, third-party defendant, must also be dismissed because of lack of personal jurisdiction.

So ordered.