**INDUSTRIAL SOLVENTS CORPORA· TION, Plaintiff,**

v.

**TOWBOAT VALLEY VOYAGER, her engines, tackle, apparel, etc., and the Valley Line Co., Defendants.**

**No. 74 Civ. 1302.**

United States District Court, S. D. New York.

Feb. 10, 1975.

Bigham, Englar, Jones & Houston, New York City, for plaintiff (Francis M. O'Regan, New York City, of counsel).

Haight, Gardner, Poor & Havens, New York City, for defendants (Chas. S. Haight, Jr., New York City, of counsel).

## MEMORANDUM

FRANKEL, District Judge.

This is an action for not more than $7,000 in damages to plaintiff's cargo from a collision between defendant towboat and a barge on which the cargo was moving along the Mississippi River. The suit is brought *in rem* against the towboat and *in personam* against defendant owner. Defendant Valley Line Co. has moved to dismiss for want of *in personam* jurisdiction or, alternatively, for transfer to a more convenient forum.

Given the relatively trivial amount of the claim, plaintiff urged that the defendant agree to expedited and simplified handling under our local Admiralty Rule 16, which affords an informal and speedy means of adjudication. Discerning high principles at stake, defendant declined the suggestion and presses its motion.

1. Plaintiff is a New York corporation, with its principal office and place of business in Scarsdale. Defendant conducts its transportation services

on navigable waters in the midwest, carrying no goods within New York. On the other hand, defendant maintains in New York City an office, listed in bold face in the Manhattan telephone directory, and takes orders there for the carriage of goods. A "Regional Sales Manager," so denominated by defendant, and a secretary employed in the New York office, both full-time employees of the company, produce about 11% of defendant's total business volume. The New York office of defendant does not end its contacts with defendant's numerous New York customers after their orders are taken. Information about shipments, their present location and estimated time of arrival at destination, is sent from the New York office to the customers. The "Advice" forms which provide this information show only the New York address as the company's location as well as supplying only the New York telephone number. It is evident, then, that the office is a key center for communications and, generally, a vital installation for a substantial share of defendant's business. Reflecting these facts, defendant's officers visit here regularly to check and supervise its operations.

Upon these facts, it violates neither due process nor attendant notions of fairness to maintain the action of this New York plaintiff against this interstate carrier in this court. The supposed burdens of this small case, which will evidently require inexpensive forms of out-of-state evidence wherever it is prosecuted, are more imaginary than real. Whether or not defendant may eventually find our Admiralty Rule 16 agreeable, this far-flung carrier is suable here whether the test be thought a federal rule, compare Maryland Tuna Corp. v. MS Benares, 429 F.2d 307, 322 (2d Cir. 1970), with Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205, 211 n. 4 (2d Cir. 1970), or the increasingly liberal criteria by which New York and other jurisdictions have adapted "to the revolution in international transportation and commerce . . . ." Aquascutum of London, Inc. v. S.S. American Champion, *supra*, 426 F.2d at 211. See Eck v. United Arab Airlines, 360 F.2d 804, 810–11 (2d Cir. 1966); Manchester Modes, Inc. v. Lilli Ann Corp., 306 F.Supp. 622 (S.D.N.Y. 1969); Frummer v. Hilton Hotels Int'l Inc., 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851, cert. denied, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967); Bryant v. Finnish Nat'l Airlines, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965).*

2. Defendant's alternative application for transfer is not substantial. Defendant suggests not less than three districts in three states (Louisiana, Tennessee and Missouri) as transferee tribunals, never saying, except perhaps by the order of the listing, whether any one is to be preferred to the other two. No concrete indications are given as to why any one would be best, or, really, why any one is better than this district. With the Eastern Louisiana court located 400 miles from Western Tennessee and 700 miles from Eastern Missouri (where defendant has its home office), while this court is itself only 960 miles from the latter, it becomes apparent that the states are for present purposes jurisdictional abstractions rather than practical realities. There is no showing sufficient to overcome plaintiff's choice of its home state as the forum for its claim.

The motion is in all respects denied. Defendant should answer the complaint within 10 days.

It is so ordered.

---

* The court has considered and rejects the further contention that interstate commerce would be burdened by exercising jurisdiction here.