**C.E. JAMIESON & CO., LTD., Plaintiff,**

v.

**WILLOW LABS, INC., Defendant.**

**No. 84 Civ. 1438 (LFM).**

United States District Court,
S.D. New York.

June 19, 1984.

Yankowitz & Goldsmith, P.A. by Richard B. Goldsmith and Edward A. Weissman, East Orange, N.J., and Stephen H. Kahn, New York City, for defendant.

Stuart A. Jackson by Ronald L. Mayers, New York City, for plaintiff.

### OPINION

MacMAHON, District Judge.

Defendant moves to dismiss for (1) lack of personal jurisdiction or (2) improper venue.

This is a diversity action for breach of warranty arising out of defendant's sale of an organic compound called "Oil of Evening Primrose" to plaintiff. Plaintiff has the burden of establishing personal jurisdiction over defendant under New York law. It asserts that defendant is "doing business" in New York and therefore subject to suit here under CPLR § 301.

Under § 301, a nonresident defendant "doing business" in New York is deemed to be present here for jurisdictional purposes

even on causes of action unrelated to any New York activities. Defendant is a New Jersey corporation with its principal place of business in New Jersey. All of its business is conducted out of its New Jersey office. It has no office in New York, has no employees in New York, has no telephone number or mailing address in New York, and owns no property in New York.

■ Nevertheless, plaintiff argues that about 5% of defendant's gross sales are made in New York, that it employs a New York customs agent to process imports through customs, and that it has a bank account in New York. These contacts with New York, however, are clearly insufficient to meet the "doing business" test of CPLR § 301 and, as a result, we must grant defendant's motion.

■ The rule under § 301 is that mere solicitation of business is not enough to sustain jurisdiction. *Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 536, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967). Therefore, the fact that defendant makes 5% of its sales in New York is unavailing to plaintiff. Equally unavailing is the fact that defendant sometimes uses a New York customs agent. The customs agent essentially performs for defendant nothing more than the mechanical function of clearing goods through customs. It does not conduct business on behalf of defendant in any significant way. *See Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205 (2d Cir.1970).

Finally, plaintiff's assertion that defendant has a New York bank account is very misleading. Defendant's only bank account is with a New Jersey bank which sometimes uses a New York bank to handle letters of credit in certain international transactions. The New Jersey bank does not have an international banking department itself and works with the New York bank simply to provide this service to its customer. The customer does not in any sense have an account with the New York bank.

We note also that plaintiff's reliance on *Frummer* and *Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965), is misplaced. Both cases involved extensive business activity on behalf of the defendant in New York offices. Defendants in both cases were in the travel business and relied on New York offices for public relations, solicitation of customers, and reservations. These cases do not support plaintiff's position here. *See Miller v. Surf Properties,* 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958).

In short, our reading of the leading New York cases clearly indicates that plaintiff cannot satisfy its burden of establishing personal jurisdiction over defendant under § 301.

Accordingly, defendant's motion to dismiss is granted. So ordered.