Patricia VINCENT and David
Vincent, Plaintiffs,

v.

DAVIS–GRABOWSKI, INC., Defendant.

No. 85 Civ. 3447 (RWS).

United States District Court,
S.D. New York.

Dec. 17, 1985.

Kevin Concagh, P.C., New York City, for plaintiffs; by Steven M. Loren, of counsel.

Helfenstein & Matza, P.C., New York City, for defendant; by Hugh J. Helfenstein, Charles J. Hefter, of counsel.

## OPINION

SWEET, District Judge.

This is a diversity action sounding in products liability and tort. Defendant Davis-Grabowski, Inc. ("Davis"), has moved for an order to dismiss this suit pursuant to Fed.R.Civ.P. 12(b)(2) on the ground that this court lacks personal jurisdiction and alternatively for a transfer to the Southern

District of Florida pursuant to 28 U.S.C. § 1404. For the reasons set forth below, both motions are denied.

Plaintiffs, Patricia and David Vincent (the "Vincents") are domiciliaries of New Jersey. Davis is a Florida corporation. In May, 1984, while residing in New Canaan, Connecticut, Patricia Vincent purchased a device marketed as the "Funride" by Davis. Mrs. Vincent claims that, due to the defective design or negligent manufacture of the Funride device, she sustained serious physical injury in May, 1984.

## I. Personal Jurisdiction

■ As explained in *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985), certain statements about the law of personal jurisdiction recur so frequently that they have become benchmarks. One such is that a plaintiff bears the burden of demonstrating the existence of federal jurisdiction by a preponderance of the evidence. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2d Cir.1983). Another is that a plaintiff may defeat a motion to dismiss for lack of personal jurisdiction by making a *prima facie* showing of facts that support jurisdiction. *Marine Midland Bank v. Miller*, 664 F.2d 899 (2d Cir.1981). Unless the court grants a hearing to consider the merits of the jurisdictional allegations, doubts about the sufficiency of the pleadings shall be resolved in favor of the plaintiff. *Id.* at 904.

■ New York C.P.L.R. § 301 provides for the exercise of jurisdiction over a foreign defendant whose presence in the state is based on a continuous and systematic cause of "doing business" in the state. Thus, a cause of action brought against a foreign corporation need not arise out of a transaction in New York as long as it conducts business in the state "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917); *accord Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982); *Frummer v. Hilton Hotels International, Inc.*, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 (1967). The determination of whether a foreign defendant comes within the ambit of section 301 requires a factual inquiry into the circumstances that allegedly support jurisdiction. *I. Oliver Engebretson, Inc. v. Aruba Palm Beach Hotel & Casino*, 587 F.Supp. 844, 850 (S.D.N.Y.1984).

The following facts relevant to the issue of personal jurisdiction are presented by the affidavits submitted with this motion. Davis, a corporation organized under the laws of Florida with its principal office and place of business in Miami, holds the patent on a toy called "Funride." Davis apparently subcontracts the manufacture of the Funride, and serves as distributor or sales corporation. Davis is not certified to do business in New York, nor has it designated New York's Secretary of State as its agent for service of process. Davis has no assets in the city or state of New York, pays no income or sales taxes to the city or state, and maintains no bank account with the state. Davis presently leases a 1,000 square foot showroom at 200 Fifth Avenue in New York City, and the New York telephone directory reveals a telephone listing under its name at this address. Principals of the corporation attend an annual Toyfair in New York at which time they visit the showroom and oversee the efforts of the local sales representative. New York sales of $175,000 to $350,000 account for approximately 5–10% of Davis' annual gross sales.

Davis' chairman of the board Stephen Snyder ("Snyder") states in conclusory fashion that its New York showroom is "unmanned" and that all New York "[s]ales are effected by an independent sales representative." Davis has not submitted an affidavit from this representative setting forth the nature of his relationship with Davis and with the companies. Mrs. Vincent's affidavit does not provide any additional information because she is unaware of the representative's identify.

The New York Court of Appeals' decision in *Laufer, supra*, 449 N.Y.S.2d at 458–59, 434 N.E.2d at 694–95, provides a recent standard to determine whether Davis' pres-

ence is sufficient to confer jurisdiction. The *Laufer* court rejected a foreign corporation's insistence that as a matter of law it could not be subjected to New York's process because its business was merely solicitation. *Laufer* rejected this by holding that a "foreign corporate sales agency of New York accounts" is amenable to New York jurisdiction provided that its solicitation and servicing of New York accounts through sales representatives employed by the company and present in New York are conducted on a systematic and continuous basis. *Id.*, 449 N.Y.S.2d at 459, 434 N.E.2d at 695.

The *Laufer* court distinguished previous decisions in which it had ruled that a foreign supplier of goods or services that obtains orders in New York through mere solicitation by a local independent sales agency has no business presence in New York regardless of the volume of its subsequent orders. In these earlier cases, the Court of Appeals found that mere solicitation of orders and advertisement of the foreign corporation's product was not sufficient to support jurisdiction. *See Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972) (sales independently negotiated and contracted by local franchise); *Miller v. Surf Properties*, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958) (independent agency using telephone listing in defendant's name, solicited customers and transmitted reservation requests to defendant for confirmation). The Court of Appeals' decisions demonstrate that something more than just solicitation is required but that the use of an independent agent does not defeat jurisdiction so long as the local representative is an agent who confirms transactions and effectuates sales in New York. *See Delagi, supra*, 328 N.Y.S.2d at 657, 278 N.E.2d at 899. *See also Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116 (2d Cir.1967); *Bulova Watch Co., Inc. v. K. Hattori & Co., Inc.*, 508 F.Supp. 1322, 1333 (E.D.N.Y.1981).

Vincent also cites *Frummer, supra*, 281 N.Y.S.2d at 43–45, 227 N.E.2d at 853–55, where the Court of Appeals found jurisdiction to lie over a foreign corporation that conducted its business in New York through a surrogate. The activities of the local affiliate included making reservations and providing advertising for the foreign defendant. The Court of Appeals determined the "significant and pivotal" factor to be that the foreign defendant's New York stand-in "does all the business which Hilton (U.K.) could do were it here by its own officials." *Id.*, 281 N.Y.S.2d at 44, 227 N.E.2d at 854.

In another related decision, *Bryant v. Finnish National Airline*, 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439 (1965) a foreign corporate defendant was sued in New York on an unrelated cause of action. The *Bryant* court held that the totality of the airline's activity in New York indicated its intent to carry on business with a "considerable measure of continuity, and from a permanent locale." 260 N.Y.S.2d at 628, 208 N.E.2d at 442. The facts justifying a finding of jurisdiction in *Bryant* were leased office space, the employment of seven employees, a telephone listing, transmission of airline reservations and confirmations, performance of advertising, information and publicity functions, and maintenance of a bank account from which to pay employees and cover operating expenses. *Id.*, 260 N.Y.S.2d at 626, 208 N.E.2d at 440.

While the occasional visits by Davis' officers to New York and the shipment of products to New York would in themselves be insufficient to support the conclusion that Davis is doing business here, *see Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 514 (E.D.N.Y.1982), Davis also has leased showroom space, maintained a telephone listing and used a local representative to sell its wares within this state. These local sales efforts have resulted in a large volume of sales within this state. Significantly, Davis admits that its local representative effects sales within the state. Therefore the transaction of sales within the state rather than mere solicitation places the agency relationship within the scope of the *Gelfand* decision and distinguishes this case from *Miller, supra*. Sales in the state under these circumstances constitute doing

business on a systematic and continuous basis. Therefore, Davis is properly within the jurisdiction of this court, and the motion to dismiss is denied, with leave granted, of course, to renew upon a further factual submission.

## II. Change of Venue

Davis' alternative motion for dismissal on the basis of *forum non conveniens* must be evaluated in accordance with the standards for transfer of venue pursuant to 28 U.S.C. §§ 1404(a), 1406(a). Section 1404(a) permits a district court to transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses and in the interest of justice.

The plaintiffs' choice of forum must be given substantial weight unless the balance of convenience and the interest of justice weighs heavily in favor of the defendant. *Factors Etc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Accordingly, the burden is on the defendant to establish that there should be a change of venue. *City of New York v. General Motors Corp.*, 357 F.Supp. 327, 328 (S.D.N.Y.1973), *see Ross v. American Airlines, Inc.*, 83 Civ. 3718 (S.D.N.Y. Oct. 18, 1983) (requiring a "clear-cut showing"); 15 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* 244 (1976). The relevant factors are: convenience to the parties and witnesses; the relative ease of access to sources of proof; the availability of process to compel the presence of unwilling witnesses; the practical problems indicating that the case can be tried more expeditiously and inexpensively, and the interests of justice. *Seven Star Shoe Co., Inc. v. Strictly Goodies, Inc.*, 83 Civ. 2904 (S.D.N.Y. March 21, 1984). *See Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964); *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967).

An evaluation of the parties and their prospective witnesses does not provide a clear-cut showing that this case would better be tried in Florida. The Vincents have demonstrated that their proposed witnesses, including themselves, and each of the medical personnel who have treated Mrs. Vincent, are within the subpoena power of the court. On the other hand, Davis has asserted that the transfer of this action to Florida is in the interests of justice since Davis subcontracted manufacture of the Funride to Florida companies beyond the reach of this court. While third-party joinder is an important consideration, *Vassallo v. Niedermeyer*, 495 F.Supp. 757, 760 (S.D.N.Y.1980), it does not overcome the Vincents' strong interest in litigating near their residence. The locus of the accident and current residence of the plaintiff outweigh the interest of the defendant in transfer of a products liability action to the district of its home office.

For the foregoing reasons, Davis' motions are denied.

**IT IS SO ORDERED.**