Patricia VINCENT and David Vincent, Plaintiffs,

v.

DAVIS–GRABOWSKI, INC., Defendant.

No. 85 Civ. 3447 (RWS).

United States District Court, S.D. New York.

July 10, 1986.

Kevin Concagh, P.C., New York City, for plaintiffs; Steven Loren, of counsel.

Helfenstein & Matza, P.C., New York City, for defendant; Hugh J. Helfenstein, Charles S. Hefter, of counsel.

## OPINION

SWEET, District Judge.

By opinion of December 17, 1985, 628 F.Supp. 430, familiarity with which is assumed, the motions of defendant Davis-Grabowski, Inc. ("Davis") to dismiss for lack of personal jurisdiction or in the alternative to transfer the action to the Southern District of Florida were denied. Leave was granted to renew the jurisdictional motion on a further factual demonstration, and Davis renoticed the same motions on February 21, 1986 based on evidence which was not previously submitted. The plaintiffs Patricia and David Vincent ("Vincent") requested discovery on the issue of jurisdiction and were granted an opportunity to depose an officer of Davis. Discovery having been completed, the motions were fully submitted as of June 13, 1986. For the reasons set forth below, Davis' motions will again be denied.

In addition to the facts set forth in the December 17 opinion, the following additional facts have been adduced by the deposition testimony of Stephen Snyder, the chairman of Davis, and by the affidavit of Ronald Roberts, the local sales representative of Davis in New York. Roberts is an independent sales representative for several companies who solicit orders for Davis' products in a number of mid-Atlantic states and in New York. All orders are forwarded to Davis at its office in Florida subject to the company's approval. Roberts does not handle any shipping of the products or process any invoices for sales. He does, however, have a key for the showroom in New York City and estimates that he uses the showroom about once every two months to display products to prospective customers. Finally, Roberts solicits sales at the showroom for ten consecutive days each year during the Toy Fair in New York.

Snyder confirmed that Davis has leased a 1,000 square foot showroom in New York City since September, 1982 at a rent of approximately $1,400 per month. Davis is in the business of distributing toys manufactured by other companies, and the showroom contains samples of these toys on display. Apparently, the predominant use of the showroom is to solicit orders during the ten days when the annual Toy Fair is conducted. The Toy Fair brings manufacturers, distributors and retailers together in two buildings in New York City where toys are displayed and sold. Snyder and another officer of Davis attend the Toy Fair each year and oversee the sales efforts of their representatives. The sales orders written during the Toy Fair were estimated by Snyder to be very small, approximately $20,000 to $30,000.

The only significant new evidence which tends to support Davis' motion to dismiss for lack of personal jurisdiction is that pertaining to the relationship between Davis and its local sales representative. It is now apparent that Roberts is an independent representative, without an employment agreement, who merely forwards orders to Davis' office in Florida on a commission basis but does not have authority to bind Davis to any sales. Thus, Davis correctly argues that the New York Court of Appeals decision in *Laufer v. Ostrow*, 55 N.Y.2d 305, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982), is not directly controlling. Da-

vis is not itself a soliciting agency with employee sales representatives but rather must be regarded as a distributor or *"foreign supplier* of goods or services for whom an *independent* agency solicits orders from New York purchasers...." 449 N.Y.S.2d at 459, 434 N.E.2d at 695. Therefore, solicitation alone is not sufficient to support jurisdiction. The relevant standard instead is whether "there are activities of substance in addition to solicitation...." *Id.*

In evaluating the New York activities of Davis beyond solicitation, the court must apply a "simple pragmatic" evaluation, *Bryant v. Finnish National Airline,* 15 N.Y.2d 426, 432, 260 N.Y.S. 625, 208 N.E.2d 439 (1965) of whether those activities are systematic, regular and continuous so as to justify a conclusion that it is present here. *See generally Laufer, supra,* 449 N.Y.S.2d at 458–59, 434 N.E.2d at 694–95. The activities of Davis arising from its lease and utilization of the New York showroom establish that the company is present in the state "with a fair measure of permanence and continuity." *Tanza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915 (1917). Davis's lease on the showroom has continued for a substantial period of time which indicates that the company seeks to maintain a tangible presence here. Having such a showroom permits the distributor to more readily display its products to customers in this area rather than depending on catalogs, lists and photographs. Moreover, discovery has revealed that Davis' two chief officers regularly attend the business of the showroom during the annual Toy Fair which brings a large number of customers together in a concentrated sales setting here in New York. It can be inferred that the company's lease on this showroom is important in establishing Davis' presence at the Toy Fair.

In applying these facts to the New York precedents, this case more closely resembles the Court of Appeals decision in *Bryant, supra,* where jurisdiction was upheld than it does the holding in *Miller v.* *Surf Properties,* 4 N.Y.2d 475, 176 N.Y. S.2d 318, 151 N.E.2d 874 (1958) where jurisdiction was found wanting. Although all of the elements of *Bryant* are not present here, there is a sufficient showing that Davis intended to carry on business with a "considerable measure of continuity, and from a permanent locale." 260 N.Y.S.2d at 628, 208 N.E.2d at 441. By contrast, the defendant in *Miller* had no presence in New York other than a telephone listing and promotional pamphlets. For these reasons, the defendant's motion to dismiss will be denied.

Davis has set forth no matters or controlling decisions which the court overlooked in denying its motion to transfer pursuant to 28 U.S.C. § 1404(c). Therefore, the alternative motion is also denied.

Discovery in this action is to be completed by September 17, 1986 with the final pretrial order to be submitted by September 24, 1986.

IT IS SO ORDERED.