Julianne **BRESCIANI**, Plaintiff,

v.

**THE LEELA MUMBAI–A–KEMPINSKI HOTEL and Kempinski, S.A.**, Defendants.

No. 03 CIV. 0923(JGK).

United States District Court, S.D. New York.

March 24, 2004.

Kathleen M. Byrne, Julien & Schlesinger, P.C., New York, NY, for Plaintiff.

Kenneth R. Schachter, Silverberg, Stonehill & Goldsmith, P.C., New York, NY, for Defendant.

### OPINION AND ORDER

KOELTL, District Judge.

The plaintiff, Julianne Bresciani, sued the defendants the Leela Mumbai–A Kempinski Hotel ("Leela") and Kempinski, S.A. ("Kempinski") for injuries suffered by Ms. Bresciani while staying at the Leela Hotel, located near the Mumbai Airport in India. This action, which was originally brought in the New York State Supreme Court, New York County, was removed to this Court based on the diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1332(a), 1441(a). The plaintiff and the defendant Kempinski agreed to the voluntary dismissal of the plaintiff's claim against Kempinski only. Following jurisdictional discovery, the defendant Leela has now moved for summary judgment pursuant to Fed.R.Civ.P. 56 for lack of personal jurisdiction, arguing that it has insufficient contacts with New York.

### I

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gallo v. Prudential Residential Servs. Ltd. P'ship,* 22 F.3d 1219, 1223 (2d Cir.1994). "The trial court's task at the summary judgment motion

stage of the litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo,* 22 F.3d at 1224. The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The substantive law governing the case will identify those facts that are material, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)); *see also Gallo,* 22 F.3d at 1223. Summary judgment is improper if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party. *See Chambers v. TRM Copy Ctrs. Corp.,* 43 F.3d 29, 37 (2d Cir.1994). If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). The nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir.1993); *see also Scotto*

*v. Almenas,* 143 F.3d 105, 114–15 (2d Cir. 1998) (collecting cases).

## II

The relevant facts, as alleged in the affidavits and declarations submitted by the parties in connection with the current motion, are as follows.

The plaintiff, Julianne Bresciani is a resident of the State of New York. (Compl.¶ 1.) The defendant Leela owns and operates a hotel known as The Leela, Mumbai, located in Mumbai, India. (Def.'s Rule 56.1 St. ¶ 2; Pl.'s Resp. Rule 56.1 St. ¶ 2; Decl. of Venu Krishnan dated July 17, 2003 ("Krishnan Decl.") ¶ 5.) Leela is a corporation registered under the Indian Companies Act of 1956 and has its registered office in Mumbai, India. (Def.'s Rule 56.1 St. ¶ 1; Pl.'s Resp. Rule 56.1 St. ¶ 1; Krishnan Decl. ¶ 4.) Leela has no offices in the United States. (*Id.*) Leela is not licensed to do business in.New York, has no employees in New York, and has no registered agent for service of process in New York. (Def.'s Rule 56.1 St. ¶¶ 3–5; Pl.'s Resp. Rule 56.1 St. ¶¶ 3–5; Krishnan Decl. ¶¶ 6–7.) Leela does not have an office or other facility of any kind in New York, nor does it maintain a telephone, telex, or telefax number in New York. (Def.'s Rule 56.1 St. ¶ 6; Pl.'s Resp. Rule 56.1 St. ¶ 6; Krishnan Decl. ¶ 8.) The defendant does not own any real or personal property in New York and does not pay taxes to New York or the United States. (Def.'s Rule 56.1 St. ¶¶ 7, 12; Pl.'s Resp. Rule 56.1 St. ¶¶ 7, 12; Krishnan Decl. ¶¶ 9, 14.)

The plaintiff asserts that Leela is subject to the personal jurisdiction of this Court based upon its contract with Hotel Representative, Inc. ("HRI"), which is the owner and sole shareholder of Leading Hotels of the World, Ltd. ("Leading Hotels"), which was also a party to the con-

tract. (Compl. ¶¶ 3, 4; Decl. of Vijay Sethi dated Oct. 18, 2003 ("Sethi Decl.") ¶ 7; Decl. of Mary Burns dated Sept. 30, 2003 ("Burns Decl.") Ex. F.) Leading Hotels and HRI maintain a principal place of business in New York City. (Pl.'s Rule 56.1 St. ¶ 8.) Leela contracted with Leading Hotels and HRI (collectively "HRI") for them to solicit business, to distribute brochures and promotional materials, and to receive and process reservations. (Ex. F to Burns Decl.; Sethi Decl. ¶ 6.) HRI's ability to process reservations is limited. (Sethi Decl. ¶ 10.) HRI does not have any special right to make reservations at the Leela Mumbai. HRI does not have the authority or right to enter into contracts on behalf of Leela or to confirm reservations on behalf of Leela without conferring with Leela and receiving specific prior confirmation from Leela. (*Id.* ¶¶ 9, 10.) While the plaintiff suggested that Leela's contract with HRI gave it the right to confirm reservations, there is nothing in that contract that gives HRI that right, and the contract provides that Leela "shall at no time refer to our offices or to any of our companies in any manner whatsoever indicating that we or any of our offices serve as your office or that we represent [Leela] for any purpose other than receiving and processing reservations for it." (Ex. F to Burns Decl. ¶ 8.)

HRI has a limited ability to market confirmed reservations in the same way that any travel agent can. Leela uses computerized reservation services, accessible by HRI. (Sethi Decl. ¶ 12.) A limited number of pre-confirmed rooms are placed in "free-sale" on the computer systems. (*Id.* ¶ 13.) These reservations do not need additional confirmation from Leela. (*Id.*) However, any travel agent with access to the computerized reservation systems can book these "free-sale" rooms. (*Id.*)

The actual amount of business, in terms of room nights, that was generated by HRI for Leela has been negligible. Such volume of business on average between April 1999, and March 2003, accounted for barely .1% of Leela's total business, or about 100 room nights per year. (Sethi Decl. ¶ 14.)

The plaintiff had also speculated that Leela maintained a bank account in New York, but the summary judgment record established there was no such account, and at the argument on the motion, the plaintiff disclaimed reliance on that argument as a basis for jurisdiction.

## III

The defendant moves for summary judgment dismissing the complaint on the grounds of lack of personal jurisdiction. A district court has "broad discretion" in deciding how to proceed with a motion to dismiss for lack of personal jurisdiction, including conducting an evidentiary hearing. *See CutCo Indus. v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986); *Clarendon Nat'l Ins. Co. v. Lan,* 152 F.Supp.2d 506, 515 (S.D.N.Y.2001); *APC Commodity Corp. v. Ram Dis Ticaret A.S.,* 965 F.Supp. 461, 464 (S.D.N.Y.1997); *Int'l Customs Assocs., Inc. v. Ford Motor Co.,* 893 F.Supp. 1251, 1258–59 (S.D.N.Y.1995), *aff'd,* 201 F.3d 431, 1999 WL 1314724 (2d Cir.1999). In this case, the Court gave the parties the opportunity to conduct discovery on personal jurisdiction, and the parties have submitted extensive evidentiary materials on this motion.

To survive a motion for summary judgment where jurisdictional discovery has been completed but no evidentiary hearing is held, the plaintiff must make a prima facie showing that "include[s] an averment of facts, that if credited by the trier, would suffice to establish jurisdiction over the defendant." *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990); *see also Brown v. Garden*

*Hotel Eden,* No. 00 Civ. 7346, 2003 WL 21496756, at *3 (S.D.N.Y. June 30, 2003); *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.,* 218 F.Supp.2d, 369, 388–89 (S.D.N.Y.2002). At that point, the prima facie showing must be factually supported. *Ball,* 902 F.2d at 197. Accordingly, the Court must credit all of plaintiff's jurisdictional allegations that have evidentiary support. *See Brown,* 2003 WL 21496756, at *3.

A district court sitting in diversity applies the forum state's law in determining whether it has personal jurisdiction over a defendant. *See CutCo Indus.,* 806 F.2d at 365; *Clarendon,* 152 F.Supp.2d at 515. The Court must determine whether the forum state's law allows the exercise of personal jurisdiction and, if so, whether doing so comports with constitutional due process guarantees. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Clarendon,* 152 F.Supp.2d at 515.

New York State provides for both general and specific personal jurisdiction. Specific jurisdiction allows "long-arm" jurisdiction over a defendant located outside the state as to causes of action arising out of certain acts within the state or having certain effects in the state. *See* N.Y. C.P.L.R. § 302. The plaintiff does not contend that the defendant is subject to specific personal jurisdiction.[1] The general provision, found in C.P.L.R. § 301, empowers a court to "exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. Interpreting this provision, the New York Court of Appeals has concluded that a non-domiciliary defendant "is amenable to suit in New York courts under CPLR 301 if it has engaged in such a continuous and systematic course

of 'doing business' here that a finding of its 'presence' in this jurisdiction is warranted." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,* 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488, 490 (1990) (citations omitted); (*see also Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851, 853 (1967); *Simonson v. Int'l Bank,* 14 N.Y.2d 281, 251 N.Y.S.2d 433, 200 N.E.2d 427, 429 (1964)). The test for "doing business" is fact-sensitive, *see Landoil,* 563 N.Y.S.2d 739, 565 N.E.2d at 490, but even fairly substantial contacts can fail to satisfy the statute. *See, e.g., id.* at 491 (finding foreign corporation's underwriting of insurance policies sold in New York insufficient to constitute "doing business"). Factors to consider in a "doing business" inquiry include whether the defendant maintains offices and bank accounts, employs agents, and regularly solicits business in New York. *See, e.g., Bryant v. Finnish Nat'l Airline,* 15 N.Y.2d 426, 260 N.Y.S.2d 625, 208 N.E.2d 439, 441–42 (1965). As for "presence," the non-domiciliary must be present in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 115 N.E. 915, 917 (1917) (Cardozo, J.); *see also Landoil,* 563 N.Y.S.2d 739, 565 N.E.2d at 490; *Realuyo v. Villa Abrille,* 01 Civ. 10158, 2003 WL 21537754, at *3 (S.D.N.Y. July 8, 2003).

There is no personal jurisdiction over the defendant under C.P.L.R. § 301 because the defendant is not doing business in New York as it has been interpreted by the New York courts.

The law governing whether foreign hotels are subject to personal jurisdiction in New York is well-developed. The mere

---

1. The plaintiff was injured in India. The plaintiff booked her reservations through an Indian travel agency, and there is no allegation that the plaintiff's claim arises from any activities by the defendant in New York either directly or through HRI.

solicitation of business from prospective customers in New York is not sufficient to establish jurisdiction. *See Miller v. Surf Props.*, 4 N.Y.2d 475, 176 N.Y.S.2d 318, 151 N.E.2d 874, 876–77 (1958). The plaintiff points to case law where personal jurisdiction has been found when a reservation company conducts all business that a hotel could do if its representatives were present in the state. *Frummer*, 227 N.E.2d at 854. However, in *Frummer*, the reservation service had the authority to accept and confirm reservations for the foreign hotel. *Id.* The authority to confirm reservations has been interpreted as a pivotal factor in establishing jurisdiction in these cases. *See, e.g., Brown*, 2003 WL 21496756, at *5 ("Absent an outright grant of authority to confirm reservations, an agent is not 'doing business' on behalf of a hotel."); *Kopolowitz v. Deepdene Hotel & Tennis Club*, 464 F.Supp. 677, 679 (S.D.N.Y.1979) ("If the foreign corporation holds back from its representative the power to confirm reservations it seems that the travel service is not doing all the business which the corporation could itself do."); *Bryant*, 208 N.E.2d at 441 ("We tried to make it clear in the Miller opinion that solicitation of prospective customers and the reception and transmission of hotel reservations did not constitute doing business."); *Miller*, 176 N.Y.S.2d 318, 151 N.E.2d at 876–77 (holding that an agent authorized to solicit business and process reservations was not doing business for a hotel when it could not confirm reservations).

In this case, HRI was not authorized to confirm reservations without the consent of Leela. HRI's access to "free-sale" reservations through computerized reservation systems was no different from the access of travel agents and was insufficient to rise to the level that HRI was doing business for the plaintiff in New York. HRI had no ability generally to confirm reservations for the plaintiff in New York.

*See Kopolowitz*, 464 F.Supp. at 679. HRI's involvement in soliciting patronage, distributing brochures and promotional materials, and accepting and processing reservations without the power to confirm such reservations independently constituted "mere solicitation." Thus, the actions of HRI were not sufficient to conclude that Leela is doing business in New York.

### CONCLUSION

For the reasons explained above, Leela's motion for summary judgment dismissing the complaint for lack of personal jurisdiction is granted. The Clerk is directed to enter Judgment dismissing the complaint and closing this case.

**SO ORDERED.**