**James Charles TWINE, Plaintiff,**

v.

**Gilbert W. LEVY and Levy & Hamilton, P.C., Defendants.**

**No. 89 CV 941.**

United States District Court, E.D. New York.

Oct. 9, 1990.

James Charles Twine, pro se.

Kevin J. O'Neill, Morris & Duffy, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendants move for dismissal pursuant to Fed.R.Civ.P. 12(b). Defendants base their motion on the following grounds: lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2); improper venue, Fed.R.Civ.P. 12(b)(3); insufficiency of service of process, Fed.R.Civ.P. 12(b)(5); and failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). For reasons to be discussed below, defendants' motion is granted on the basis of a lack of personal jurisdiction.

## FACTS

Plaintiff filed a legal malpractice suit in this Court. His claim is based on diversity jurisdiction; *i.e.*, plaintiff is a domiciliary of New York and defendants are domiciliaries of the State of Washington.

Plaintiff alleges that on April 24, 1987, defendant, Gilbert Levy, represented him at a sentencing hearing in the United States District Court for the Western District of Washington. It is alleged that Mr. Levy—plaintiff's court-appointed counsel—negligently failed to object to certain inaccurate and prejudicial information contained in plaintiff's presentence report.

Plaintiff's complaint is devoid of any statements supporting a finding of personal jurisdiction by this Court. In his response to the present motion, plaintiff asserts that the Court has personal jurisdiction over the defendants based on a series of correspondence between defendant, Gilbert Levy, and plaintiff concerning Mr. Levy's representation of plaintiff. As a

jurisdictional predicate, plaintiff relies on several phone conversations between himself and Mr. Levy while defendant was in Washington and plaintiff was in New York, as well as several letters sent to him by defendant Levy from Washington. In addition, plaintiff contends that certain actions taken by him at the behest of his attorney, Mr. Levy, provide sufficient contacts with New York for this Court to exercise personal jurisdiction over defendants in this action.[1]

Gilbert Levy was a partner in the erstwhile law firm of Levy & Hamilton. Both Mr. Levy and his former law firm are defendants in this action. Defendant, Gilbert Levy, is licensed to practice law in Washington; he is not, nor has he ever been, licensed to practice law in New York. Mr. Levy resides in Seattle, Washington and has never been a resident of New York. Mr. Levy never was served with process in New York; he does not maintain any offices for the transaction of business in New York; he does not have any agents in New York upon whom process may be served; nor does he employ anyone to conduct business on his behalf in New York. Defendant's Affidavit at 2. These facts are uncontradicted.

Defendant, Levy & Hamilton, was a partnership formed in accordance with the laws of the State of Washington. Levy & Hamilton was never licensed to do business in New York; it did not have any affiliates, subsidiaries, or employees conducting or soliciting business in New York; nor did it maintain any agents in New York upon whom process could be served. Defendant Partnership's Affidavit at 1–2. These facts, too, are uncontradicted.

## DISCUSSION

■ In a case based on diversity of citizenship, federal courts apply the law of the forum state in determining whether to exercise personal jurisdiction over the defen-

---

**1.** Plaintiff apparently misses the crux of the personal jurisdiction inquiry. He asserts that a number of his activities in New York—making calls to his attorney in Washington and purchasing plane tickets to Washington at the behest of

his attorney—combined with defendants' actions, amount to the transaction of business. The inquiry, however, must focus only on defendants' actions; plaintiff's activities are of no consequence.

dants. *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 57 (2d Cir.1985); *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963) (en banc). Thus, in the present case, the Court looks to New York's law regarding personal jurisdiction.

Application of New York law to the question of personal jurisdiction requires a two-fold analysis. A determination must first be made as to whether New York law provides a basis for the exercise of personal jurisdiction over defendants. *See* New York Civil Practice Law and Rules §§ 301–302 ("CPLR"). If the Court determines that New York law provides for the exercise of jurisdiction over defendants, the analysis then ascends to a constitutional level. This second tier of inquiry requires the Court to determine whether the exercise of personal jurisdiction over defendants would offend due process. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In light of the Court's decision below that these defendants are not subject to personal jurisdiction under New York law, any due process inquiry becomes superfluous.

## NEW YORK LONG–ARM JURISDICTION

Plaintiff claims that the Court may exercise personal jurisdiction based on several provisions of the CPLR, including: the "doing business" standard, CPLR § 301; transacting business in New York, CPLR § 302(a)(1); tortious activity within New York, CPLR § 302(a)(2); and tortious activity without the state which causes injury in New York, CPLR § 302(a)(3). These assertions will be addressed seriatim.

### A. "Doing Business"

■ Section 301 of the CPLR provides courts with the power to exercise personal jurisdiction over a non-domiciliary defendant based on the traditional notion of the defendant's presence within the state. *See Bryant v. Finnish Nat. Airline,* 15 N.Y.2d 426, 208 N.E.2d 439, 260 N.Y.S.2d 625 (1965). Subsumed within this notion of presence is the concept that a non-domiciliary defendant will be deemed "present" in New York if the defendant engages in a continuous and systematic course of business in New York; *i.e.,* the defendant is doing business in New York. *Frummer v. Hilton Hotels Inc.,* 19 N.Y.2d 533, 536, 227 N.E.2d 851, 853, 281 N.Y.S.2d 41, 43, *cert. denied,* 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967); *Amajac,* 763 F.2d at 58.

The "doing business" standard requires more than just occasional or casual business activities within the state; rather, the defendant's conduct must be "with a fair measure of permanence and continuity." *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917); *see Laufer v. Ostrow,* 55 N.Y.2d 305, 310, 434 N.E.2d 692, 694, 449 N.Y.S.2d 456, 458 (1982). The business conducted by the non-domiciliary must be sufficiently consistent and persistent to support the legal fiction that the non-domiciliary defendant is present within the state. *Frummer,* 19 N.Y.2d at 536, 227 N.E.2d at 853, 281 N.Y.S.2d at 43; *Delagi v. Volkswagenwerk AG of Wolfsburg,* 29 N.Y.2d 426, 430–31, 278 N.E.2d 895, 896, 328 N.Y.S.2d 653, 656 (1972). If so, courts may exercise personal jurisdiction over non-domiciliaries because they have voluntarily availed themselves of the benefits and protections that accompany the privilege of conducting business in New York. In short, because the non-domiciliary defendants are considered to be present within the state, they may properly be haled into a New York court. *See, e.g., Frummer,* 19 N.Y.2d at 536, 227 N.E.2d at 853, 281 N.Y.S.2d at 43.

While "doing business" as a basis of in personam jurisdiction is historically associated with corporate defendants, the concept has been readily extended to partnerships as well. *See Pine & Co. v. McConnell,* 298 N.Y. 27, 80 N.E.2d 137 (1948). There remains, however, some concern as to whether the "doing business" standard may be applied to non-domiciliary defendants who are natural persons. *Flexner v. Farson,* 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250 (1919). Although most courts and scholars agree that the doing business standard as applied to individuals would

pass constitutional muster (*see Lamar v. American Basketball Association*, 468 F.Supp. 1198, 1199 n. 1 (S.D.N.Y.1979) (list of authorities in agreement), the New York courts are presently split on this question. *Compare ABKCO Industries, Inc. v. Lennon*, 85 Misc.2d 465, 377 N.Y.S.2d 362 (1975), *aff'd in part and mod in part*, 52 A.D.2d 435, 440, 384 N.Y.S.2d 781, 783–84 (1st Dep't 1976) (doing business standard applicable to individuals); *with Nilsa B.B. v. Blackwell H.*, 84 A.D.2d 295, 306, 445 N.Y.S.2d 579, 587 (2d Dep't 1981) (questioning First Department's broad holding in *ABKCO*). Several courts have followed the holding in *ABKCO, see, e.g., Lamar*, 468 F.Supp. at 1202, but the issue has yet to be resolved by the New York Court of Appeals.

Assuming, *arguendo*, that New York would extend the doing business standard to individual non-domiciliary defendants, plaintiff's complaint and response to the present motion are devoid of any allegations establishing that either defendant was doing business in New York. Defendants are not licensed to do business in New York and they have no agents conducting business on their behalf in New York. Defendants did not even solicit plaintiff's business; rather, they were appointed by the Washington court to represent plaintiff. Several phone calls by defendant Levy from Washington to New York, as well as several letters from Mr. Levy to plaintiff in no way establish a pattern of continuous business activity by defendants within New York. Assuming plaintiff's allegations are true, as the Court must on a motion to dismiss, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), they do not establish a course of doing business in New York on the part of defendants that would even approach the threshold of doing business for purposes of CPLR 301.

### B. Transacting Business

■ Plaintiff asserts that the Court has personal jurisdiction over defendants based on defendants' transaction of business in New York. CPLR § 302(a)(1). It is true that the New York Court of Appeals has on occasion sanctioned the exercise of jurisdiction based primarily on phone contacts with New York by a non-domiciliary defendant. *Ehrlich–Bober & Co. v. Univ. of Houston*, 49 N.Y.2d 574, 578–79, 404 N.E.2d 726, 728–29, 427 N.Y.S.2d 604, 606–07 (1980); *Parke–Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 16–18, 256 N.E.2d 506, 508–09, 308 N.Y.S.2d 337, 339–40 (1970). In each of these cases, however, "the defendant had projected itself by means of letters and calls into market activity that was ongoing in New York, and hence had purposely availed itself of the privilege of conducting such activities within the state." *Mayes v. Leipziger*, 674 F.2d 178, 184 (2d Cir.1982).

In the instant case, defendants did not, in any meaningful sense, project themselves into New York's pool of competing legal services. In fact, defendants were court-appointed counsel. They did not solicit plaintiff's business in New York. The letters and phone calls from defendant Levy to plaintiff were simply necessary communications between defendants and their client.

In *Weiss v. Greenberg, Traurig, Askew, Hoffman, Lipoff, Quentel & Wolff, P.A.*, 85 A.D.2d 861, 446 N.Y.S.2d 447 (3d Dep't 1981), a New York resident sued a Florida law firm for legal malpractice. The defendants in *Weiss* had represented the plaintiff in ongoing litigation in Florida. The Appellate Division held that it lacked personal jurisdiction under CPLR § 302(a)(1) over the Florida firm, notwithstanding that the firm had sent attorneys to New York on two occasions to take depositions. *Id.* at 861, 446 N.Y.S.2d at 449; *see Presidential Realty Corp. v. Michael Square West Ltd.*, 44 N.Y.2d 672, 376 N.E.2d 198, 405 N.Y. S.2d 37 (1978).

Similarly, in *Mayes*, a New York resident sued two California attorneys for legal malpractice for services they rendered in California. The Second Circuit, construing CPLR § 302(a)(1), stated:

> We do not believe that in these circumstances the New York courts would exercise jurisdiction solely on the basis that

the defendants, from California, reported to their New York clients ... by means of letters and calls to New York to perform non-New York services.

*Id.* at 185.

Unlike the attorneys in *Weiss, (see* 85 A.D.2d at 861, 446 N.Y.S.2d at 449) defendants in this action never entered New York. In addition, the present defendants acted as court-appointed counsel; the defendants in *Mayes* had contracted with the plaintiff to provide him with legal services. *Mayes,* 674 F.2d at 179. Defendants in the instant action had even less contact with New York than was held insufficient in *Weiss* and *Mayes.* There is absolutely no showing that defendants transacted any business in New York. The Court therefore is powerless to exercise in personam jurisdiction pursuant to CPLR § 302(a)(1).

### C. Tortious Act Committed in New York

■ Plaintiff claims that defendants' alleged negligence amounted to a tortious act committed within New York which would allow this Court to assert personal jurisdiction over the defendants. CPLR § 302(a)(2). The Court disagrees.

In determining where the tort occurs, New York has taken a narrow approach. *See Feathers v. McLucas,* 15 N.Y.2d 443, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965). For a court to assert personal jurisdiction under this subsection of the long-arm statute, the tortious act must have been committed within New York. *Id.* In essence, the tortious act—in this case defendants' alleged negligent failure to object to the presentence report—must occur *within the* state. This is tantamount to requiring the physical presence of the defendant or his agent within the state when the tort occurs.

The acts at issue cannot be considered to have been tortious acts committed within New York. The correspondence between plaintiff and defendants was ancillary to defendants' representation. The alleged tortious act occurred in Washington where defendant Levy failed to object to the presentence report. Therefore, the Court holds that CPLR § 302(a)(2) provides no basis for jurisdiction over these defendants.

### D. Tortious Act Committed Outside the State

■ Plaintiff also asserts that CPLR § 302(a)(3) provides a basis for personal jurisdiction.[2] In attempting to localize the injury, courts must distinguish between the situs of the injury and the place where the plaintiff suffers damages. New York has strictly construed CPLR § 302(a)(3), refusing to exercise personal jurisdiction based solely on a plaintiff's residence or domicile within New York. *McGowan v. Smith,* 52 N.Y.2d 268, 274, 419 N.E.2d 321, 324, 437 N.Y.S.2d 643, 646 (1981). That the plaintiff is domiciled in New York does not mean that New York is the situs of the injury. *American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,* 439 F.2d 428 (2d Cir.1971). "The situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Hermann v. Sharon Hospital, Inc.,* 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987).

In the present case, the events that caused plaintiff's injuries occurred in Washington. Assuming that defendants' nonfeasance amounted to legal malpractice, plaintiff suffered injury at that time, at the

**2.** § 302. Personal jurisdiction by acts of non-domiciliaries

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

. . . . .

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

hands of the court in Washington. Thus, while plaintiff may have suffered damages in New York, his injury did not occur in New York. Therefore, CPLR § 302(a)(3) does not provide a basis for this Court to exercise jurisdiction over defendants.

## CONCLUSION

Because New York law does not provide for personal jurisdiction in this case, the Court need not examine the constitutional aspects of the two-fold jurisdictional analysis. In addition, because plaintiff has been unable to surmount the threshold issue of in personam jurisdiction, the Court need not examine the other aspects of defendant's motion.

Accordingly, defendant's motion to dismiss for lack of personal jurisdiction is granted.

SO ORDERED.