Gloria WELSH, Plaintiff,

v.

SERVICEMASTER CORP., Diversified Health Services, the Healthcare Center at Bridgeport, Healthcare Facilities Services, and Connecticut Health Partners Ltd., Defendants.

No. 96 CV 2045.

United States District Court, S.D. New York.

July 3, 1996.

Eileen Campbell, Leeds & Morelli, Carle Place, NY, for Plaintiff.

Diane K. Rembleske, Jackson, Lewis, Schnitzler & Krupman, Stamford, CT, Joseph A. Saccomano, Jackson, Lewis, Schnitzler & Krupman, White Plains, NY, for Defendants.

## ORDER OF DISMISSAL

PARKER, District Judge.

Plaintiff, Gloria Welsh ("Welsh") brings claims against Defendants Servicemaster Corp., Diversified Health Services, the Healthcare Center at Bridgeport, Healthcare Facilities Services, and Connecticut Health Partners Ltd. for discrimination in violation of the Civil Rights Act of 1964 (as amended 1972), 42 U.S.C. § 2000(e) et seq. Title VII Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and the Connecticut Human Rights Law, Conn.Gen.Stat. § 46a–100 et seq. Before the Court is Defendants' motion pursuant to Fed.R.Civ.P. 12(b)(2), 12(b)(3), and 12(b)(5) to dismiss the complaint for lack of personal jurisdiction, improper venue and insufficiency of service of process.

Welsh seeks leave to serve an amended complaint pursuant to Fed.R.Civ.P. 15 in which she attempts to cure the jurisdictional deficiencies cited by defendants in their motion to dismiss. We grant Welsh's motion to amend. Accordingly, we review the motion to dismiss in light of the allegations in Welsh's amended complaint.

The amended complaint alleges that on September 5, 1995, Welsh, a resident of New York, was terminated unlawfully by Defendants from her position as administrator at a health center in Bridgeport, Connecticut. The complaint names five defendants alleging the following: ServiceMaster Corp. with a principal place of business in Memphis, Tennessee; Diversified Health Services with a principal place of business in Memphis, Tennessee; the HealthCare Center at Bridgeport, a limited partnership doing business in Bridgeport, Connecticut; Healthcare Facilities Services doing business in Connecticut with its principal place of business in Bridgeport, Connecticut. The proposed amended complaint also alleges "upon information and belief" each defendant is doing business in New York.[1]

## DISCUSSION

When subject matter jurisdiction is based on a question of federal law and the federal statute does not provide for national service of process, we look to the law of forum state to determine if we may exercise personal jurisdiction over the defendants. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108, 108 S.Ct. 404, 411–12, 98 L.Ed.2d 415 (1987); see also *Canterbury Belts Ltd. v. Lane Walker Rudkin Ltd,* 869 F.2d 34, 40 (2d Cir.1989). Accordingly, we

---

1. The amended complaint alleges that ServiceMaster Corp., Diversified Health Services, HealthCare Facilities Services and Connecticut Health partners are "upon information and belief" licensed to do business in New York.

look to New York law, which here consists of sections 301 and 302 of New York Civil Practice Law and Rules. The burden of proving jurisdiction is on the party asserting it. *Lehigh Valley Industries Inc. v. Birenbaum,* 527 F.2d 87, 92 (2d Cir.1975). In the absence of an evidentiary hearing, plaintiff must make a showing by its pleadings and affidavits that jurisdiction exists. *CutCo Industries v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986).

To assert jurisdiction under CPLR § 301, which provides for exercise of jurisdiction over foreign corporations doing business in New York, plaintiff must make a prima facie showing that defendants have engaged in a systematic course of doing business here. *Landoil Resources v. Alexander & Alexander,* 77 N.Y.2d 28, 563 N.Y.S.2d 739, 565 N.E.2d 488 (Ct.App.1990) (citations omitted). Welsh, however, alleges only "that upon information and belief" defendants are doing business in New York, and in fact acknowledges that she does not know "the true nature of Defendants' contacts with New York." These broad allegations fall far short of showing a presence in New York.

It is equally clear that the allegations of Welsh's amended complaint do not even come close to satisfying the jurisdictional test under New York's long-arm statute, CPLR § 302. This section provides that a court may exercise personal jurisdiction over a nondomiciliary who in person

> or through an agent (1) transacts any business within the state ... (2) commits a tortious act within the state ... (3) or commits a tortious act without the state causing injury to the person within the state ... if he (i) regularly does or solicits business ... or derives substantial revenues from goods used or consumed or services rendered in the state.

Thus, New York's long arm statute requires a strong nexus between the plaintiff's cause of action and the defendant's in state conduct. *McGowan v. Smith,* 52 N.Y.2d 268, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 322–23 (Ct.App.1981) (there must be some "articulable nexus between the business transacted and the [claim]"); see also *Beacon Enterprises Inc. v. Menzies,* 715 F.2d 757, 762 (2d Cir.1983). Welsh's complaint fails to allege any connection between Defendants' activity in New York state and her injuries, which apparently occurred in Connecticut. Accordingly, plaintiff has failed to assert jurisdiction under CPLR 302.

Welsh urges that this motion is premature at this stage in the litigation, and that she should be entitled to proceed with discovery to learn the extent of Defendants' New York contacts. Rule 11 of the Fed.R.Civ.P. requires that parties make reasonable inquiries to ensure that the allegations of a complaint have evidentiary support or are likely to have evidentiary support. Fed.R.Civ.P. 11(b)(3). It is far from clear that such inquiries were made in this case.

### CONCLUSION

Based on the foregoing, Welsh's complaint is dismissed without prejudice.[2]

The clerk shall enter judgment dismissing the case without prejudice.

**SO ORDERED.**

---

2. Because we grant Defendants' motion to dismiss for lack of personal jurisdiction, we do not address their motion with respect to improper venue and service of process.