**Linda HAMILTON, Individually and as Executrix of the Estate of George Hamilton, Plaintiff,**

v.

**GARLOCK, INC., et al., Defendants.**

**No. 94 CIV. 4397(RWS).**

United States District Court,
S.D. New York.

Dec. 29, 1998.

Levy Phillips & Konigsberg, New York, NY (Moshe Maimon, Chris Romanelli, of Counsel), for Plaintiff.

Barry, McTiernan & Moore, New York, NY (Roger P. McTiernan, of Counsel), for Defendant Atlas Turner, Inc.

## OPINION

SWEET, District Judge.

Defendant Atlas Turner Inc. ("Atlas") has brought a trio of post-trial motions in response to a jury verdict entered in favor of plaintiff Linda Hamilton ("Plaintiff") in an asbestos action. First, Atlas has moved for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, or in the alterative for a new trial pursuant to Rule 59(a). Second, Atlas seeks reconsideration of this Court's November 5, 1998 order that set aside the jury verdict regarding the issue of allocation of fault. Finally, Atlas has renewed its motion pursuant to Rule 12(b) for an order dismissing the complaint for lack of personal jurisdiction. For the reasons set forth below, Atlas' motion to dismiss for lack of personal jurisdiction is granted, and thus the motions for reconsideration and for judgment or a new trial need not be considered.

### Parties

Plaintiff was married to George Hamilton ("Hamilton"). During his lifetime, Hamilton worked as a boilerman in the United States Navy.

Atlas was at all relevant times to this action a Canadian Corporation. It has never been authorized to conduct business in the State of New York.

### Prior Proceedings and Facts

The prior proceedings and facts in this action have been set forth in a prior opinion of this Court, familiarity with which is assumed. *See Hamilton v. AC and S, Inc.*, No. 94 Civ. 4397, 1998 WL 651049 (S.D.N.Y. Sept. 23, 1998) [hereinafter *Hamilton I*]. Those facts and prior proceedings relevant to the instant motion are set forth below.

Plaintiff's asbestos claim, naming several defendants including Atlas, was filed in federal court on June 15, 1994. An amended complaint was filed on December 14, 1995. This action is one of many that has been supervised by the Multidistrict Litigation Panel ("MDL") for discovery and pretrial purposes. It was originally filed in the Southern District of New York and subsequently transferred by order of the MDL to the Honorable Charles R. Weiner of the Eastern District of Pennsylvania. The action was transferred back to this Court on December 13, 1997, and thereafter consolidated by opinion dated May 7, 1998, with four other asbestos cases for trial.

Prior to the commencement of trial, Atlas brought a motion to dismiss for lack of personal jurisdiction, or in the alternative for summary judgment. The motion for summary judgment was denied, and the jurisdictional motion was denied with leave to renew upon a fuller record. *See Hamilton I*, 1998 WL 651049.

The claims in this action were brought by Linda Hamilton, the widow of George Hamilton. Hamilton was diagnosed with a pleural effusion in January of 1992, and with mesothelioma in January of 1993. He died from the cancer on November 4, 1994, at the age of 54. He was survived by his widow, Linda,

and eight children, ages 32 to 4. Testimony established that Hamilton was exposed to asbestos when he served as a boilerman in the United States Navy from 1959 to 1961. He was stationed at the Norfolk Virginia Shipyard and served in the boiler room of the *U.S.S. John W. Weeks* (the "*Weeks* ").

Trial commenced on September 23, 1998. On October 20, the jury returned a verdict for Plaintiff. Judgment in the amount of $4,288,427.47 was entered on November 6, 1998. The instant motions were filed November 23, 1998. Oral arguments were held December 14, 1998, at which time Atlas' post-trial motions were deemed fully submitted.

### Discussion

### I. *The Holding in Hamilton I*

On August 3, 1998, Atlas filed a motion pursuant to Rule 12(b), dismissing the action against it for lack of personal jurisdiction. Alternatively, it moved for summary judgment. In *Hamilton I*, the summary judgment motion was denied as was the motion to dismiss for lack of jurisdiction. However, the denial of the jurisdictional motion was not absolute. Rather, it was "denied at this time," with leave to renew upon a fuller record. *Hamilton I*, 1998 WL 651049, at *3.

Equitable concerns prompted the denial of Atlas' motion in September. This Court acknowledged that Plaintiff had made a "meaningful argument for waiver," *id.* at *2, and that neither side had provided facts from which it could be ascertained that Atlas was "doing business" in New York at the relevant time. Given the circumstances, including the fact that the instant case had been consolidated with four other cases for trial and that in the interests of justice the cases had moved together, it seemed prudent to deny Atlas' motion until discovery was complete on the issue and the record supported a meaningful finding that jurisdiction did or did not exist over Atlas.

The trial having been completed and all the evidence having been presented, Atlas' motion to dismiss for lack of personal jurisdiction must now be granted because Plaintiff has failed to meet her burden of establishing that this Court may exercise jurisdiction over Atlas. It is significant that in *Hamilton I*, Plaintiff was required to make only a *prima facie* showing that personal jurisdiction existed. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981); *Roth v. El Al Israel Airlines, Ltd.*, 709 F.Supp. 487, 489 (S.D.N.Y.1989); *see also Welsh v. Servicemaster Corp.*, 930 F.Supp. 908, 910 (S.D.N.Y.1996); *Houbigant, Inc. v. ACB Mercantile, Inc.*, 914 F.Supp. 964, 980 (S.D.N.Y.1995). However, the burden at this juncture is greater. Plaintiff must establish personal jurisdiction by a preponderance of the evidence. *See, e.g., Marine Midland*, 664 F.2d at 904; *Houbigant*, 914 F.Supp. at 980. She has not done so.

### II. *This Court Lacks Jurisdiction Over Atlas*

In considering a 12(b)(2) motion to dismiss for lack of personal jurisdiction, a district court must construe the facts from the pleadings and affidavits in the light most favorable to the plaintiff. *See Hoffritz for Cutlery, Inc. v. Amajac*, 763 F.2d 55, 57 (2d Cir.1985); *Cosmetech Int'l, LLC v. Der Kwei Enter. and Co., Ltd.*, 943 F.Supp. 311, 314 (S.D.N.Y.1996). Implicit is the understanding that a plaintiff bears the burden of establishing jurisdiction over a defendant; however, until "a full evidentiary hearing or a trial on the merits is held, [a plaintiff] need only set forth *prima facie* evidence of personal jurisdiction." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir.1983). As a trial has been held in this action, " 'plaintiff must establish jurisdiction by a preponderance of the evidence.' " *Kowalski–Schmidt v. CLS Mortgage, Inc.*, 981 F.Supp. 105, 108 (E.D.N.Y.1997) (quoting *Marine Midland*, 664 F.2d at 904); *see Roth*, 709 F.Supp. at 489.

Since this action is one based on diversity of citizenship, the law of New York will dictate whether this Court may exercise personal jurisdiction over Atlas. *See Hoffritz*, 763 F.2d at 57; *see also Crouch v. Atlas Van Lines, Inc.*, 834 F.Supp. 596, 599 (N.D.N.Y. 1993). Accordingly, assessment of whether New York's Civil Practice Law and Rules ("CPLR") provides for jurisdiction must be made. *See* N.Y. C.P.L.R. §§ 301, 302

(McKinney 1990). A two-fold inquiry is required. First, a determination must be made as to whether New York law provides a basis for exercising personal jurisdiction over the defendant. If jurisdiction is proper as a result of this analysis, the second inquiry ascends to a constitutional level, which requires an assessment of whether exercising jurisdiction over the defendant would offend due process. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *see also Twine v. Levy,* 746 F.Supp. 1202, 1204 (E.D.N.Y.1990). In light of the determination below that Atlas is not subject to personal jurisdiction under New York law, the due process analysis need not be conducted.

### A. *"Doing Business" Pursuant to § 301*

▉ CPLR § 301 tersely states that a New York court "may exercise jurisdiction over persons, property, or status as might have been exercised heretofore." The statute incorporates all grounds of jurisdiction previously recognized at common law. *See Penny v. United Fruit Co.,* 869 F.Supp. 122, 125 (E.D.N.Y.1994). Pursuant to § 301, a foreign corporation will be subject to personal jurisdiction in New York if it is present or is "doing business" in the state. A corporation's activity rise to the level of "doing business" only when it is engaged in "such a continuous and systematic course of activity that it can be deemed present in the state of New York." *Klinghoffer v. S.N.C. Achille Lauro,* 937 F.2d 44, 50–51 (2d Cir.1991) (quoting *Laufer v. Ostrow,* 55 N.Y.2d 305, 434 N.E.2d 692, 694, 449 N.Y.S.2d 456, 458 (1982) (citations omitted)); *see Mareno v. Rowe,* 910 F.2d 1043, 1046 (2d Cir.1990); *Frummer v. Hilton Hotels Int'l, Inc.,* 19 N.Y.2d 533, 536, 227 N.E.2d 851, 853, 281 N.Y.S.2d 41, 43 (1967). Under § 301 of the CPLR, a corporation's presence in New York is determined based on the time the lawsuit is filed, not when the claim arose. *Penny,* 869 F.Supp. at 125.

▉ Indeed, without any physical presence in New York, a foreign corporation may be subjected to the jurisdiction of New York if the corporation conducts, or purposefully directs, business " 'not occasionally or casual-

ly, but with a fair measure of permanence and continuity.' " *Landoil Resources Corp. v. Alexander & Alexander Servs.,* 77 N.Y.2d 28, 34, 565 N.E.2d 488, 490, 563 N.Y.S.2d 739, 741 (1990) (quoting *Tauza v. Susquehanna Coal Co.,* 220 N.Y. 259, 267, 115 N.E. 915, 917 (1917)). The test, a "simple pragmatic one," *Bryant v. Finnish Nat. Airline,* 15 N.Y.2d 426, 432, 208 N.E.2d 439, 441, 260 N.Y.S.2d 625, 629 (1965), is necessarily fact sensitive. *See Landoil Resources Corp. v. Alexander & Alexander Servs.,* 918 F.2d 1039, 1043 (2d Cir.1990); *Stark Carpet Corp. v. M–Geough Robinson, Inc.,* 481 F.Supp. 499, 504 (S.D.N.Y.1980) (citing *Manchester Modes, Inc. v. Lilli Ann Corp.,* 306 F.Supp. 622, 624 (S.D.N.Y.1969)).

▉ "In assessing jurisdiction under this pragmatic standard, New York courts have generally focused on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Landoil,* 918 F.2d at 1043; *see Hoffritz,* 763 F.2d at 58. However, "[s]olicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign manufacturer or purveyor of services." *Laufer v. Ostrow,* 55 N.Y.2d 305, 310, 434 N.E.2d 692, 694, 449 N.Y.S.2d 456, 459 (1982); *see Frummer,* 19 N.Y.2d at 536, 227 N.E.2d at 853, 281 N.Y.S.2d at 43. Yet if the solicitation "is substantial and continuous, and defendant engages in other activities of substance in the state, then personal jurisdiction may properly be found to exist." *Landoil,* 918 F.2d at 1043–44; *see Beacon,* 715 F.2d at 763; *Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 211 (2d Cir.1970).

▉ Here, Plaintiff concedes that Atlas has no offices or owns no real estate in New York, that it maintains no bank accounts in this state, and that it is not authorized to conduct business in New York. Moreover, Plaintiff has submitted no proof regarding any business activity of Atlas in 1994 in the State of New York. Furthermore, the only proof adduced at trial regarding Hamilton's exposure establishes that the exposure was

limited to the Norfolk Virginia Shipyard. Although Plaintiff did offer testimony of two workers who recalled using Atlas products in New York, these witnesses limited their testimony to the 1960's and 1970's. Thus their testimony has no relevance to 1994, the time period at issue.

Plaintiff submits that Atlas has refused to produce documents or answer interrogatories concerning its sales and/or revenues in New York. However, the answers to interrogatories filed by Atlas to which Plaintiff refers are from 1988, six years prior to the filing of this action. Significantly, Plaintiff can point to no discovery request submitted after 1994 that seeks information concerning any sales by Atlas to New York in 1994.

Upon a "fuller record," Plaintiff has not met its burden in establishing that Atlas was "doing business" in New York within the meaning of § 301 in 1994. Accordingly, § 301 does not prove a basis under which this Court may exercise jurisdiction over Atlas.

### B. New York State Long Arm Jurisdiction

New York's long arm statute, CPLR § 302, provides in pertinent part:

(a) As to a cause of action arising from any acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary . . . who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state . . . ; or

3. commits a tortious act without the state causing injury to person or property within the state . . . if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

N.Y. C.P.L.R. § 302(a).

The long arm statute thus requires "a strong nexus between the plaintiff's cause of action and the defendant's in state conduct." *Welsh*, 930 F.Supp. at 910; *see McGowan v. Smith*, 52 N.Y.2d 268, 272, 419 N.E.2d 321, 322–23, 437 N.Y.S.2d 643, 645 (1981) (explaining that there must be some "articulable nexus between the business transacted and the [claim]"); *see also Beacon*, 715 F.2d at 762.

Plaintiff has failed to establish any connection between Atlas' alleged activity in or outside of New York state and Hamilton's injuries. Additionally, as discussed below, Hamilton's injuries did not occur in New York, but in Virginia.

### 1. Transacting Business

Under CPLR § 302(a)(1), personal jurisdiction exists over a nondomiciliary who transacts business in New York, as long as the cause of action arises out of the subject matter of the business transacted. *See* N.Y. C.P.L.R. § 302(a)(1); *McGowan*, 52 N.Y.2d at 272, 419 N.E.2d at 322–23, 437 N.Y.S.2d at 645.

The transacting business prong of § 302(a)(1) confers jurisdiction over "a defendant who purposefully avails itself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *Viacom Intern., Inc. v. Melvin Simon Productions*, 774 F.Supp. 858, 862 (S.D.N.Y.1991). New York courts look to the totality of circumstances to determine whether the defendant has engaged in some purposeful activity in New York in connection with the matter in controversy. *Longines–Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 457, 209 N.E.2d 68, 75, 261 N.Y.S.2d 8, 18 (1965).

CPLR § 302(a)(1) authorizes the court to exercise jurisdiction over nondomiciliaries for contract and tort claims arising from a defendant's transactions of business in New York. *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988). A single transaction of

business is sufficient to give rise to jurisdiction under CPLR § 302(a)(1), even where the defendant never enters the state, if the claim arises out of the transaction.

It [CPLR 302(a)(1)] is a "single act statute" and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.

*Kreutter,* 71 N.Y.2d at 467, 522 N.E.2d at 43, 527 N.Y.S.2d at 198–99; *see also Parke–Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 256 N.E.2d 506, 308 N.Y.S.2d 337 (1970).

 Plaintiff does not provide any proof that any "business" Atlas transacted in New York is substantially related to Hamilton's exposure to asbestos products in the Norfolk Virginia Shipyard. Therefore, jurisdiction cannot be obtained over Atlas under § 302(a)(1).

### 2. *Tortious Act Committed in New York*

Section 302(a)(2) provides for jurisdiction over a defendant who "commits a tortious act within the state, causing injury to person or property within the state." N.Y. C.P.L.R. § 302(a)(2). New York courts take a narrow approach in determining where the tort occurs. *See Feathers v. McLucas,* 15 N.Y.2d 443, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965). "For a court to assert personal jurisdiction under this subsection of the long-arm statute, the tortious act must have been committed within New York.... This is tantamount to requiring the physical presence of the defendant or his agent within the state when the tort occurs." *Twine,* 746 F.Supp. at 1206.

The acts at issue cannot be deemed to have been tortious acts committed within New York State. Accordingly, § 302(a)(2) is inapplicable to this case.

### 3. *Tortious Act Committed Outside the State*

Section 302(a)(3) provides personal jurisdiction over a nondomiciliary who commits a tortious act without the state, causing injury within the state, if the nondomiciliary expects or should reasonably expect the acts to have consequences in the state and derives substantial revenue from interstate or international commerce, or if the nondomiciliary regularly solicits business in the state or derives substantial revenue from services rendered or goods sold within the state. *See generally Finest Fruits, Inc. v. Bertuca,* 714 F.Supp. 94, 98 (S.D.N.Y.1989).

In Plaintiff's opposition to Atlas' initial motion to dismiss in August 1998, she contended that this section conferred jurisdiction over Atlas because Atlas had had contacts and solicited and transacted business within New York. Moreover, continued Plaintiff, it was reasonably foreseeable to Atlas that the sale of its asbestos products throughout the United States would have consequences within its various jurisdictions. Here, the issue is not various other jurisdictions but New York. Still, prior to reaching the issues that Plaintiff addressed, it must be found that Atlas' tortious act caused injury to Hamilton in New York. *See Cosmetech,* 943 F.Supp. at 319.

 In the instant case, it is undisputed that Hamilton's exposure to Atlas products occurred in Virginia. The sole link to New York is the residence of the Plaintiff. Yet merely because Plaintiff is a resident of New York or because Hamilton was treated in New York is insufficient to confer jurisdiction under § 302(a)(3). *See Mareno,* 910 F.2d at 1046 (2d Cir.1990) (stating that injury "does not occur within the state simply because the plaintiff is a resident"); *Twine,* 746 F.Supp. at 1206 ("New York has strictly construed CPLR § 302(a)(3), refusing to exercise personal jurisdiction based solely on a plaintiff's residence or domicile with New York."); *McGowan,* 52 N.Y.2d at 274–75, 419 N.E.2d at 323, 437 N.Y.S.2d at 646 (finding that being a resident of the state is not enough under New York's long arm statute). That Plaintiff is domiciled in New York does not mean that the situs of the injury is New York. *See American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp.,* 439 F.2d 428 (2d Cir.1971).

 Here, the locale of Hamilton's injury is not New York but Virginia. In localizing the injury, a distinction is made between the

situs of the injury and the place where the plaintiff suffers damages. It is well established that, for the purposes of § 302(a)(3), " 'the situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff.' " *Mareno*, 910 F.2d at 1046 (quoting *Carte v. Parkoff*, 152 A.D.2d 615, 616, 543 N.Y.S.2d 718, 719 (2d Dep't 1989)). "As applied to non-commercial tort cases, the situs rule is meant to prevent parties from carrying injuries that occurred out of state back to New York in order to bring suit." *Ashley v. Abbott Labs.*, 789 F.Supp. 552, 570 (E.D.N.Y.1992); *see, e.g., Twine*, 746 F.Supp. at 1206 (noting that where malpractice suit is based on treatment in defendant's out-of-state office, injury occurred out of state).

Thus, while Hamilton may have suffered from his mesothelioma in New York or became aware of the disease in New York, his "injury" under § 302(a)(3) did not occur in New York, but in Virginia where his exposure to asbestos took place. *See Diskin v. Starck*, 538 F.Supp. 877, 879 (E.D.N.Y.1982) ("Plaintiffs cannot sustain jurisdiction under § 302(a)(3) merely by showing that as domiciliaries of this state, they suffered further damage (either economic or physical), on account of the earlier injuries sustained outside the state."); *cf. Ashley*, 789 F.Supp. at 570–71, 592 (finding that the injury-causing event in a DES action was the mothers' ingestion of DES and therefore plaintiffs' "injury" occurred where plaintiffs were exposed to DES *in utero* ); *Carrano v. Abbott Labs.*, 202 A.D.2d 6, 8, 615 N.Y.S.2d 882, 884 (1st Dep't 1994) (finding § 302(a)(3) satisfied where plaintiffs' mothers ingested DES in New York and plaintiffs were *in utero* in New York when the exposure to DES took place).

As a result, § 302(a)(3) cannot provide a basis for jurisdiction over Atlas.

## III. *Preservation of the Jurisdictional Defense*

Lack of personal jurisdiction is a privileged defense that may be waived. As the Second Circuit recently stated:

> Waiver of the defenses of insufficiency of service of process and lack of personal jurisdiction is generally governed by Fed. R.Civ.P. 12(h)(1), which establishes that
>
> > [a] defense of lack of jurisdiction over the person, ... insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.
>
> > Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction ... or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move...."

*Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729–30 (2d Cir.1998) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1391 (1990)).

In *Hamilton I*, it was recognized that Atlas had literally complied with Rule 12(h)(1) by asserting the defense of lack of jurisdiction in its answer. It was further recognized that undue delay in challenging personal jurisdiction by a motion to dismiss may constitute a waiver. With regard to the question of waiver, this Court cited cases such as *Datskow v. Teledyne, Inc.*, 899 F.2d 1298 (2d Cir.1990), all of which dealt with a defect in service of process. In distinguishing waiver of insufficiency of process as opposed to personal jurisdiction, the *Datskow* court explained that "this is not a case where defendant is contesting personal jurisdiction on the ground that long arm jurisdiction is not available. We would be slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court." *Id.* at 1303.

Plaintiff contended in *Hamilton I* that Atlas' delay in objecting to personal jurisdiction constituted waiver of that defense. While acknowledging that Plaintiff's claim had some support and that she had made a meaningful argument for waiver, the denial of Atlas' motion in *Hamilton I* was not based on its supposed waiver of the jurisdictional defense. If it had been, the jurisdictional

issue would have been closed and Atlas would not have been given leave to renew its motion.

In *Hamilton I*, it was noted that, despite Plaintiff's representation, Multidistrict Litigation Rule 14, which states that "[f]ailure of a party to respond to a show cause order regarding remand shall be treated as that party's acquiescence to the remand," does not act as a "waiver" of the defense of personal jurisdiction. *See Hamilton I*, 1998 WL 651049, at *2. Additionally, while Atlas did delay in contesting the jurisdiction of this Court, this action as well as those with which it was consolidated were in limbo for a few years in the Eastern District of Pennsylvania. Granted, Atlas should have brought its motion sooner than it did. However, the delay was not substantial enough to warrant a finding of waiver. *See Datskow*, 899 F.2d at 1303.

Having carefully "re"-considered the waiver issue and Plaintiff's submissions, keeping in mind that Atlas included the defense in its answer and asserted it in its first significant motion, this Court finds that Atlas did not waive its right to contest jurisdiction.

Due to the dismissal of Atlas from this case on jurisdictional grounds, the remaining issues presented in Atlas' post-trial motions need not be reached.

### Conclusion

For the reasons set forth above, Atlas' motion for dismissal on the ground of lack of personal jurisdiction is hereby granted. Because of the gravity of this decision following trial, leave to reargue is granted.

It is so ordered.